UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BURGESS RAYMOND CROSBY,

        Petitioner,

vs.

USA,

        Respondent.

No. C 08-3048 PJH (PR)

**ORDER OF DISMISSAL**

Petitioner, a federal prisoner currently living in a halfway house in San Francisco, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has paid the filing fee.

**DISCUSSION**

Petitioner pleaded guilty in this district of two counts of use of a communication facility to commit a drug crime.[1] See 21 U.S.C. § 843(b). He has filed a habeas petition on a form usually used by state prisoners, but has made clear that he intends the petition to be pursuant to 28 U.S.C. § 2241 by writing "28 USC 2241" in the lower right-hand corner of each page.

With the exception noted below, a prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to section 2255 in the court which imposed the sentence. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). The prisoner may not attack collaterally a federal conviction or sentence by way

---

[1] The plea was accepted and petitioner was sentenced by Judge Martin Jenkins. Upon Judge Jenkins' appointment to the California Court of Appeal the criminal case was reassigned to Judge Jeffrey White.

of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Grady v. United States*, 929 F.2d 468, 470 (9th Cir. 1991) (challenge to sentence following probation or parole revocation must be brought in sentencing court via section 2255 motion); *Tripati*, 843 F.2d at 1162 (challenge to legality of conviction must be brought in sentencing court via § 2255 motion).

The exception to this general bar is that a federal prisoner authorized to seek relief under section 2255 may seek relief under § 2241 if he or she can show that the remedy available under section 2255 is "'inadequate or ineffective to test the validity of his detention.'" *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255). Petitioner's conclusory allegation that section 2255 is inadequate and ineffective, with no explanation and no factual allegations, is insufficient. *See* Pet., attachment at 3. Petitioner having failed to show that the exception applies to him, this petition must be dismissed because the claim can be brought only as a section 2255 motion.

Although this petition might be recharacterized as a § 2255 motion, doing so would "use up" petitioner's one chance to file a § 2255 motion, thus subjecting any subsequent section 2255 motion he might file to the law's "second or successive" restrictions. *See* 28 U.S.C. § 2255 (second or successive § 2255 motion cannot be filed unless it first is certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). In addition, petitioner's conviction was in 2005, and he says in the petition that he did not appeal and has not filed any other petitions, motions or applications. Thus it is likely that the petition is barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255 (unnumbered paragraph six). Finally, petitioner's claim that he is entitled to habeas relief because the indictment was defective may be frivolous. For one thing, petitioner pled guilty, which would waive any defect in the indictment. *See Tollett v. Henderson*, 411 U.S.

258, 267 (1973) (stating that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea" ).  He tries to avoid this problem by alleging that a defective indictment deprives the trial court of jurisdiction and that a lack of jurisdiction argument cannot be waived, but he is incorrect about the first step – a defective indictment does not deprive the court of jurisdiction.  *See United States v. Cotton*, 535 U.S. 635, 630-31 (2002).  The claim therefore probably was waived.  And it also appears to lack substantive merit.  Petitioner is very unclear about the basis for his claim, saying that the indictment lacked an "implementing regulation."  Pet. at 6.  The case he cites, *United States v. Murphy*, 809 F.2d 1427 (9th Cir. 1987), provides some explanation, however.  In that case the court held that the section involved there, 31 U.S.C. § 5313(a), is "not self-executing; it can impose no reporting duties until implementing regulations have been promulgated."  *Id.* at 1430.  Unlike the provision at issue in *Murphy*, which provided for the Secretary of Treasury to specify what currency reporting requirements must be met, the statute at issue here make no reference to regulations or to requirements set by any authority outside that of the United States Code itself.  Assuming that petitioner's claim is that an indictment is defective which does not refer to "implementing regulations," that claim appears to be frivolous.

     Given all this, the court concludes that the better course is to dismiss this case without prejudice and leave it to petitioner whether he wants to file it as a section 2255 motion.

### CONCLUSION

     For the foregoing reasons, this case is **DISMISSED**.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  July 31, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\CROSBY3048.DSM.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BURGESS R. CROSBY,

        Plaintiff,

  v.

USA et al,

        Defendant.

Case Number: CV08-03048 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 31, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Burgess Raymond Crosby 96766-011
Cornell Corrections, Inc.
111 Taylor Street
San Francisco, CA 94102

Dated: July 31, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk